**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| FARM COUNTRY TRADER, INC., | ) |
| Plaintiff, | ) Civil Action No. 07-525 |
| v. | ) |
| TPI HOLDINGS, INC., COX AUTO TRADER, INC., and DOMINION ENTERPRISES, | ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff, Farm Country Trader, Inc. ("FCT"), by and through its attorneys McKee, Voorhees & Sease, P.L.C., and for its Complaint against Defendants TPI Holdings, Inc., Cox Auto Trader, Inc., and Dominion Enterprises states as follows:

**JURISDICTION AND VENUE**

1. This is an action for declaratory relief under the trademark laws of the United States, 15 U.S.C. § 1015 et seq. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

3. The Court has personal jurisdiction over defendant arising from Defendants' conducting of business in the State of Iowa and within this judicial and division.

## THE PARTIES

4. Plaintiff FCT is an Iowa corporation having its principal place of business at 316 South Main, Inwood, Iowa 51240, and has for many years made use of the trademarks and service marks "FARM COUNTRY TRADER" and "CAR & TRUCK TRADER" in commerce and has operated and owned the domain names "www.farmcountrytrader.com" and "www.cartrucktrader.com".

5. Upon information and belief, Defendant TPI Holdings, Inc. ("TPI") is a Delaware corporation having its principal place of business at 1400 Lake Hern Drive NE, Atlanta, Georgia 30319 and is the purposed owner of several trademark and service mark registrations for designations that include the term "TRADER".

6. Upon information and belief, Defendant Cox Auto Trader, Inc. ("Cox") is a Delaware corporation with a principal place of business at 6205 Peachtree Dunwoody Road, Atlanta, Georgia 30328, and is the exclusive licensee of the alleged "TRADER" marks purportedly owned by Defendant TPI, as more fully discussed below.

7. Upon information and belief, Defendant Dominion Enterprises ("Dominion") is a Virginia partnership with a principal place of business at 150 Granby Street, Norfolk, Virginia, 23510, and is believed to wholly own Defendant TPI and Defendant Cox.

## THE CONTROVERSY

8. Since at least as early as 1989, FCT has been consistently using the trademark "FARM COUNTRY TRADER" in conjunction with its services relating to sales of agricultural equipment, parts, and supplies, and magazines relating to the same. Said use of the "FARM

COUNTRY TRADER" trademark has been predominantly in the states of Iowa, Minnesota, South Dakota, North Dakota and Nebraska.

9. FCT is the owner of the incontestable registration, Registration No. 2,020,219, for the mark "FARM COUNTRY TRADER BUY SELL TRADE".  A copy of this registration is attached as Exhibit A.

10. Since at least as early as 1993, FCT has produced and published a publication entitled *Car & Truck Trader* ("FCT's magazine") with a circulation predominantly in the states of Iowa, Minnesota, South Dakota, North Dakota and Nebraska.  FCT's magazine is published bi-weekly, and has a circulation of approximately 25,000 copies per issue.  FCT has been publishing its magazine since at least as early as 1993.

11. FCT has been consistently using the trademark "CAR & TRUCK TRADER" in conjunction with its car and truck sales services through its magazine since at least as early as 1993.

12. In addition to its magazine, FCT operates the website www.cartrucktrader.com, which publishes online much the same contents as FCT's magazine.  Plaintiff has been operating its "www.cartrucktrader.com" site since at least as early as 1996, and likewise since that time has consistently been advertising its car and truck sales services under the trademark "CAR & TRUCK TRADER" on the site.

13. FCT also operates the website www.farmcountrytrader.com which advertises its agricultural equipment sales services under its "FARM COUNTRY TRADER" trademark, and has done so since at least as early as 1996.  FCT's "farmcountrytrader.com" website provides a link to FCT's "cartrucktrader.com" domain by the user clicking on the "CAR & TRUCK TRADER" icon on the site.  Similarly, FCT's "cartrucktrader.com" website provides a link to

FCT's "farmcountrytrader.com" website by the user clicking on the "FARM COUNTRY TRADER" icon on the site.

14. Upon information and belief, Defendant TPI purportedly owns a variety of federal trademark and service mark registrations for various designations that include the term "TRADER."

15. On August 7, 2007, counsel for TPI sent a letter to FCT asserting that FCT's use of its "CAR & TRUCK TRADER" trademark and its "www.cartrucktrader.com" domain name infringed TPI's rights in one or more of its registered marks, diluted one or more of its marks, and that FCT's use of its "www.cartrucktrader.com" domain constituted a violation of the Anti-Cybersquatting Consumer Protection Act ("ACPA"). In this same letter, TPI demanded that FCT "immediately cease all use of any marks or domain names that are confusingly similar to any of [TPI's] "Family of TRADER Marks", and "promptly take all necessary steps to transfer the cartrucktrader.com domain name" to TPI.

16. On August 13, 2007, counsel for FCT responded, stating that FCT believed no such infringement, dilution, or ACPA violation existed.

17. On November 6, 2007, counsel for FCT received a reply from counsel for TPI reiterating the claims made in its August 7, 2007 letter. In that letter, counsel for TPI again demanded that FCT "immediately cease all use of any marks or domain names that are confusingly similar to [TPI's] family of TRADER Marks" and "promptly take all necessary steps to transfer the cartrucktrader.com domain name to [TPI's] clients."

18. TPI has shown, and continues to show, a willingness and ability to enforce its alleged trademark rights through litigation or other adversary proceedings. Based at least on TPI's August 7, 2007 and November 6, 2007 demands that FCT cease and desist using TPI's

"TRADER" Marks and transfer its "cartrucktrader.com" domain to TPI, FCT has a reasonable apprehension of imminent litigation if it continues the activities in question. Upon information and belief, TPI has brought similar claims against other companies.

19. FCT alleges that is use of its "CAR & TRUCK TRADER" and "FARM COUNTRY TRADER" Marks in its magazine and on its "cartrucktrader.com" and "farmcountrytrader.com" domains does not infringe or dilute any valid and enforceable trademark owned by TPI. FCT further alleges that its use of its domains does not constitute a violation under the ACPA.

20. An actual and justiciable controversy exists between the parties. FCT therefore seeks a judicial determination that TPI's "TRADER" designations are not infringed or diluted, and do not constitute a violation of TPI's alleged rights under the ACPA.

**COUNT I - FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment of No Infringement of Any Valid**
**Trademarks or Service Marks Owned by Defendants)**

21. FCT realleges each of the allegations of paragraphs 1 through 20 above and incorporates the same by reference as if fully set forth herein.

22. There has been and is now an actual judiciable controversy between the parties with respect to the alleged infringement of TPI's alleged trademark rights in and to the designation "TRADER".

23. FCT contends that its use of the "CAR & TRUCK TRADER" and "FARM COUNTRY TRADER" ("FCT's Marks") on its car and truck sale and agricultural equipment sales, respectively, does not infringe any valid, enforceable trademark rights of TPI.

24. TPI disputes this contention, and has demanded FCT to cease and desist its use of its trademarks and transfer ownership of its domain name to TPI. As a result, there is a sufficient case or controversy between the parties to invoke this Court's declaratory judgment jurisdiction within the meaning of 28 U.S.C. §§ 2201 and 2202.

25. FCT's use of its Marks and "www.cartrucktrader.com" and "www.farmcountrytrader.com" domains ("FCT's Domains") has been in good faith, without intent to trade upon any existing trademark rights of Defendants.

26. Throughout the at least 14 years of FCT's use of its "CAR & TRUCK TRADER" mark and the at least 18 years of FCT's use of its "FARM COUNTRY TRADER" mark, FCT is unaware of any instances where customers have been confused between FCT's Marks and/or FCT's Domains and any of Defendants' alleged trademark rights.

27. TPI's alleged "TRADER" marks are all highly descriptive. Further, TPI's registrations incorporating the words "car" and/or "truck" have disclaimed the use of those terms apart from the entirety of each of the registered marks. As a result, the alleged marks in TPI's registrations are entitled to an extremely narrow breadth of protection.

28. There are substantial third party registrations of various marks that include the term "TRADER" for goods and services relating to "trading".

29. There are also numerous common law usages of various marks for "trading" services that utilize the term "TRADER". As such, the term "TRADER" is weak as an indicator of a single source. TPI's alleged "TRADER" marks are therefore entitled to a narrow scope of protection or, at least, did not constitute a "family" at the time FCT first began use of its "TRADER" marks.

30.     Defendants knew or should have known of FCT's use of its Marks and Domains on or about the time of FCT's first use of these marks and domain names and, as a result, even if Defendants may have once had actionable infringement claims against FCT, such claims are now equitably barred by laches, estoppel, and/or waiver.

**COUNT II - SECOND CLAIM FOR RELIEF**
**(Declaratory Judgment of No Dilution of Any of**
**Defendants' Registrations under 15 U.S.C. § 1125(c))**

31.     FCT realleges each of the allegations of paragraphs 1-30 above and incorporates the same by reference as if fully set forth herein.

32.     TPI's alleged marks are not "famous" in the context of the Trademark Dilution Revision Act of 2006 and, thus, Defendants cannot maintain a claim for dilution.

33.     A judicial declaration that FCT's Marks and Domains do not dilute any alleged trademarks owned by TPI is necessary and appropriate in order to resolve this controversy between the parties.

**COUNT III - THIRD CLAIM FOR RELIEF**
**(Declaratory Judgment of No Violation of the Anti-Cybersquatting**
**Consumer Protection Act, 15 U.S.C. § 1125(d))**

34.     FCT realleges each of the allegations of paragraphs 1-33 above and incorporates the same by reference as if fully set forth herein.

35.     FCT's use of its Marks and/or Domains was not done in bad faith to profit from any of TPI's alleged marks.  FCT's Domains are not identical or confusingly similar to any of TPI's alleged marks.

36. FCT's use of its Domains has been for the legitimate purpose of advertising its car and truck sales and farm equipments sales. In fact, upon information and belief, FCT's use of its Domains pre-dates any internet usage by TPI of its purported marks by several years. Furthermore, FCT has never offered to transfer, sale, or otherwise assign the domain name to any Defendant.

37. A judicial declaration that FCT has not violated the anti-cybersquatting consumer protection act is therefore necessary and appropriate in order to resolve this controversy between the parties.

## **PRAYER FOR RELIEF**

WHEREFORE, FCT requests that the Court enter judgment in its favor and against Defendants TPI, Cox, and Dominion by declaring as follows:

A. That FCT's use of its "CAR & TRUCK TRADER" and "FARM & COUNTRY TRADER" marks, and its "cartrucktrader.com" and "farmcountrytrader.com" domains does not infringe any valid and enforceable trademark rights held by any Defendant;

B. That FCT's use of its "CAR & TRUCK TRADER" and "FARM & COUNTRY TRADER" marks, and its "cartrucktrader.com" and "farmcountrytrader.com" does not dilute any valid and enforceable trademark rights by any Defendant;

C. That FCT's use of its "www.cartrucktrader.com" and "farmcountrytrader" domains does not violate the Anti-Cybersquatting Consumer Protection Act;

D. That FTC be awarded its costs, expenses and attorney's fees for bringing and prosecuting this action; and

E.  That FTC be awarded such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues triable by jury.

Respectfully submitted,

/s/ Wendy K. Marsh
Wendy K. Marsh
Christine Lebrón-Dykeman
Kurt R. Van Thomme
McKEE, VOORHEES & SEASE, P.L.C.
801 Grand Avenue, Suite 3200
Des Moines, IA 50309-2721
Phone:  515-288-3667
Fax:  515-288-1338
Email:  marsh@ipmvs.com
Email:  lebrón-dykeman@ipmvs.com
Email:  kurt.vanthomme@ipmvs.com
Email:  mvslit@ipmvs.com

*ATTORNEYS FOR PLAINTIFF FARM COUNTRY TRADER, INC.*